UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BOARD OF TRUSTEES OF THE UFCW LOCAL
174 PENSION FUND,

                              Plaintiff,

           -against-

GACHOT & GACHOT, INC.,

                              Defendant.
------------------------------------------------------------X

REPORT AND
RECOMMENDATION
CV-08-2326 (RRM)

GOLD, S., *United States Magistrate Judge*:

      Plaintiff brings this action pursuant to the Employer Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, as amended by the Multiemployer Pension Plan Amendment Act of 1980 ("MPPAA"), 29 U.S.C. §§ 1381 *et seq.*, to recover money allegedly owed by defendant for withdrawal liability pursuant to the MPPAA. Upon plaintiff's application and in light of defendant's failure to appear in or otherwise defend this action, the Clerk of Court noted the default of the defendant on August 15, 2008. The Honorable Roslynn R. Mauskopf then referred the matter to me to report and recommend.

## DISCUSSION

      Once found to be in default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *See Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080, 113 S. Ct. 1049 (1993); *Montcalm Pub. Corp. v. Ryan*, 807 F. Supp. 975, 977 (S.D.N.Y. 1992). Even after a defendant has defaulted, "[a] plaintiff must . . . establish that on the law it is entitled to the relief it seeks, given the facts as established by the default." *U.S. v. Ponte*, 246 F. Supp. 2d 74, 76 (D. Me. 2003) (citation omitted). *See also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65

(2d Cir. 1981) (recognizing the court's authority, even after default, to determine whether plaintiff has stated a cause of action).

Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not. *See Greyhound Exhibitgroup*, 973 F.2d at 158. Rather, claims for damages generally must be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed. *Id*. A court must ensure that there is a basis for the damages sought by a plaintiff before entering judgment in the amount demanded. *See Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence. *See* FED. R. CIV. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991); *Fustok*, 873 F.2d at 40.

The following documents are annexed as exhibits to plaintiff's complaint: (a) a September 18, 2007 Notice and Demand for Payment of Withdrawal Liability, (b) a December 20, 2007 Notice and Demand for Payment of Redetermination Liability, (c) a February 13, 2008 Notice of Failure to Make Payments on Withdrawal Liability, (d) a May 7, 2008 Notice of Default, and (e) signed return receipts indicating that each of these documents was received by defendant. In support of its motion for a default judgment, plaintiff has submitted an affidavit of its counsel, in which the amount of withdrawal liability, interest, costs and attorney's fees are indicated. Because defendant has waived its right to contest the withdrawal liability, *see* discussion *infra*, and has failed to submit any opposition to plaintiff's motion for a default judgment, a hearing on the issue of damages is not warranted.

I have reviewed plaintiff's complaint and conclude that the well-pleaded allegations establish the elements of liability required to state a claim for withdrawal liability pursuant to the MPPAA, 29 U.S.C. §§ 1381, 1383, 1399, 1401. Simply put, when an employer ceases to have an obligation to contribute under a multi-employer plan or when an employer ceases to make contributions as required by a multi-employer plan, the plan sponsor notifies the employer of its withdrawal liability and demands that payment be made pursuant to a specified schedule. 29 U.S.C. § 1399(b). An employer who disputes the sponsor's calculation of withdrawal liability must initiate arbitration proceedings within a specified time. 29 U.S.C. § 1401(a). If no arbitration proceeding is initiated, the amounts demanded by the sponsor become due and owing, and the sponsor may bring a civil action to recover them. 29 U.S.C. § 1401(b)(1). *See also Vacca v. Bridge Chrysler Jeep Dodge, Inc.*, 2008 WL 4426875, at *5-7 (E.D.N.Y. Sept. 4, 2008) (discussing the elements for liability under the MPPAA); *Trustees of the Local 531 Pension Plan v. Corner Distrib., Inc.*, 2008 WL 2687085, at *4 (E.D.N.Y. July 8, 2008) (same). Plaintiff has satisfied each of these statutory prerequisites, including written notification to defendant of the amount of the withdrawal liability with a schedule for payments and of defendant's default with a demand for immediate payment of the withdrawal liability. Compl. ¶¶ 6-17. Moreover, defendant did not respond to any of plaintiff's notices, make any payments, or initiate an arbitration proceeding. Accordingly, defendant has waived its right to contest the amount of withdrawal liability. I therefore respectfully recommend that defendant be held liable for withdrawal liability in the amount of $647,814.00, the amount calculated by plaintiff to be due and owing.

Plaintiff also seeks interest on the withdrawal liability, which is mandatory pursuant to

ERISA, 29 U.S.C. § 1132(g)(2), and the MPPAA, 29 U.S.C. § 1399(c)(5).[1] Pursuant to the MPPAA, 29 U.S.C. § 1399(c)(5), interest shall accrue from the date of the first delinquent payment. *See also* 29 C.F.R. § 4219.32(d).[2] Plaintiff does not state what date it has used to calculate the interest due in this case. *See* Hirschhorn Aff. ¶ 6 and Statement of Damages, Docket Entry 4. In its complaint however, plaintiff seeks accrued interest from November 17, 2007, Compl. ¶ 14, which is sixty days from the date plaintiff provided notice of defendant's withdrawal liability.[3]

The Code of Federal Regulations specifies that interest on withdrawal liability "shall be charged . . . for each calendar quarter at an annual rate equal to the average quoted prime rate on short-term commercial loans for the fifteenth day of the month preceding the beginning of each calendar quarter," unless the plan's rules specify a different rate. 29 C.F.R. § 4219.32(b). Plaintiff seeks interest at the rate of 7.5%. *See* Hirschhorn Aff. ¶ 6. Although plaintiff states that it derives this rate pursuant to 29 C.F.R. § 4219, *see id.*, it fails to indicate whether this is the prime rate or the rate adopted by the plan, and fails to provide any documentation supporting an award using the requested rate. Accordingly, I respectfully recommend that, during the time allowed for objections, plaintiff be required to provide supplemental information supporting the

---

[1] ERISA's mandatory damages provision applies to an employer's withdrawal liability under the MPPAA. *See* 29 U.S.C. § 1451(b); *Trustees of the Local 531 Pension Plan*, 2008 WL 2687085, at *5. In that regard, I note that ERISA also mandates an award of liquidated damages. 29 U.S.C. § 1132(g)(2). Plaintiff, however, did not request liquidated damages in its complaint or its motion. Accordingly, I decline to recommend a liquidated damages award.

[2] The Code of Federal Regulations also states that interest accrues until paid. 29 C.F.R. §§ 4219.32(c), (e).

[3] The MPPAA provides that an employer must begin withdrawal liability payments within sixty days from the demand, notwithstanding any request for review of the amounts alleged to be owing. 29 U.S.C. § 1399(c)(2).

interest rate it seeks.  So long as plaintiff submits the necessary supplemental documentation, I recommend that plaintiff be awarded interest on the withdrawal liability at the rate of 7.5% from November 17, 2007 until payment is made.

Finally, plaintiff seeks attorney's fees and costs in the amount of $3,729.79.  Hirschhorn Aff. ¶ 6.  Upon a finding that a defendant is delinquent in paying its withdrawal liability, an award of attorney's fees under Section 1132(g)(2) is mandatory.  *See Trustees of the Local 531 Pension Plan*, 2008 WL 2687085, at *5.  Plaintiff has submitted contemporaneous time records with its motion in compliance with *New York State Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).  *See* Docket Entry 4.  Plaintiff seeks reimbursement for $2,976.25 in attorney's fees.  *Id.*  The hourly rates and time expended appear reasonable and should be approved.

In addition, plaintiff seeks $753.54 in costs.  *Id.*  Plaintiff seeks $700 in filing fees, but the filing fee for commencing a federal action is only $350.  28 U.S.C. § 1914(a).  Moreover, plaintiff has not provided any documentation of its other expenses – for "litigation support," telephone, and transportation.  Docket Entry 4.  Accordingly, I respectfully recommend that plaintiff be awarded only $350 in costs.

## **CONCLUSION**

For the reasons set forth above, I respectfully recommend that plaintiff be awarded $647,814.00 in withdrawal liability, together with interest in an amount to be determined, and fees and costs in the amount of $3,326.25.  Provided plaintiff submits the necessary supporting documentation, interest on the $647,814.00 should be calculated at the rate of 7.5% per annum from November 17, 2007 to the date of payment.

Any objections to this Report and Recommendation must be filed within ten days of this Report and in any event no later than March 23, 2009. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). Plaintiff is hereby directed to serve a copy of this Report and Recommendation upon defendant at its last known address, and to file proof of service with the Court.

/s/
STEVEN M. GOLD
United States Magistrate Judge

DATED: Brooklyn, New York
March 9, 2009